THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL NIELSON, a/k/a RUSH KANE, KANEKID, an individual; KANE INDUSTRIES, LLC, a Utah limited liability company,<br><br>Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>DAIHEN, INC., d/b/a OTC DAIHEN, a North Carolina corporation,<br><br>Defendant/Counterclaim Plaintiff. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:24-cv-00496-TS-DBP<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Dustin B. Pead |

Before the court are scheduling disputes between the parties surrounding expert disclosures and reports, the designation of any rebuttal experts, and rebuttal disclosures and reports. In total the parties have filed three motions relating to the scheduling issues.[1] First, Plaintiffs/Counterclaim Defendants Russell Nielson, a/k/a Rush Kane, a/k/a Kanekid and Kane Industries, LLC (collectively, Plaintiffs), seek to modify the scheduling order moving all unexpired deadlines by approximately 21 days "for the purpose of providing additional time for Plaintiffs to serve Fed. R. Civ. P. 26(a)(2) expert disclosures and reports."[2] Next, Defendant/Counterclaim Plaintiff Daihen, Inc., d/b/a OTC Daihen (Defendant) filed a Motion for Short Form Discovery re: Deadline for Expert Designation and Disclosures.[3] In that Motion,

[1] Motion to Amend Scheduling Order, ECF No. 30; Motion for Short Form Discovery re Deadline for Rebuttal Expert Designation and Disclosures, ECF No. 33; Motion for Extension of Time to File Response Reply, ECF No. 35.

[2] ECF No. 30.

[3] ECF No. 33.

Defendant requests an order from the court "confirming that its DUCivR26-1(a)(2) notice designating a rebuttal expert, and its rebuttal disclosures, are timely if made by the rebuttal deadline: November 13, 2026, or as amended" under Plaintiffs' Motion to Amend Scheduling Order.[4] Finally, Defendant also filed a Motion for Leave to File a Response to Plaintiffs' objection to this Motion.[5]

In the Motion to Amend schedule, Plaintiffs seek 21 more days to serve expert disclosures and reports. In support, Plaintiffs claim good cause exists to amend the schedule because Plaintiffs' expert needs additional time to analyze data and calculate the reasonable value of services rendered by Plaintiffs, which is at the heart of this case. In response, Defendant attributes ill intent to Plaintiffs' Motion, arguing that the real reason behind it, is to lay the groundwork to argue Defendant "forfeited its right to respond to an expert report that does not yet exist."[6]

To address this alleged ill intent, Defendant then filed its motion seeking clarification of the deadline to submit an expert report. Defendant points to the Federal and Local Rules. Under Fed. R. Civ. P. 26(a)(2)(D) a "party must make … disclosures at the times and in the sequences that the court orders."[7] This includes evidence intended to contradict or rebut other evidence.[8] The scheduling order in the case follows this sequence and sets "September 11 for designation notices, October 9 for Rule 26(a)(2) reports, and a separate date for '[r]ebuttal reports, if any.'"[9]

---

[4] ECF No. 33 at 1.

[5] ECF No. 35.

[6] Defendant's Conditional Opposition to Plaintiffs' Motion to Amend Scheduling Order at 2, ECF No. 32.

[7] Fed. R. Civ. P. 26(a)(2)(D).

[8] *See id.*

[9] Motion for Short Form Discovery re Deadline for Rebuttal Expert Designation and Disclosures at 1 (quoting the Scheduling Order in this case ECF No. 28 at 2).

Defendant argues that Local Rule 26-1(a)(2), which governs expert designation for conflict checks, "cannot be used to deny a party time to locate and retain a rebuttal expert."[10] Defendant contends that under Plaintiff's reading of the scheduling order and Local Rule, this is what is being done and there would be no rebuttal deadline, which is contrary to the Federal Rules and the intent of the Local Rule.

Finally, in response to Defendant's Motion, Plaintiff points to the good cause standard under Federal Rule 16(b) arguing Defendant cannot meet that standard because Defendant "has not shown that the deadlines or discovery were unforeseeable or that it was sufficiently diligent in meeting the scheduling deadlines set out in the scheduling order."[11] In short, there are no unique or extraordinary circumstances Defendant can point to that were the cause of missing the deadline.

After considering the position of the parties and their arguments, the court finds the resolution of this scheduling dispute lies in the Tenth Circuit's explicitly stated strong preference to decide a case on its merits and not on mere technicalities,[12] which includes the involvement of experts. The court's scheduling order and the Local Rules are intended to support deciding a case on the merits and should not be read to create deadlines preventing either party from adequately preparing and responding to the other party's expert. This is especially true when the delay is minimal. This is not a case where a party ignored their responsibility to actively pursue their case for many months. Rather each party is working toward trial preparation by obtaining experts,

---

[10] *Id*. at 2.

[11] Opposition to Defendant's Motion for Short Form Discovery re Deadline for Rebuttal Expert Designation and Disclosures at 2, ECF No. 13.

[12] *See Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011); *Archibeque v. Atchison, Topeka & Santa Fe Ry.*, 70 F.3d 1172, 1174 (10th Cir. 1995).

submitting their reports, and working to obtain rebuttal reports. Given these efforts the court is inclined to provide each party with the time it needs to prepare its case.

Defendant notes that it does not object to Plaintiffs' proposed amended deadline for disclosures and reports under the following conditions: first the deadline is firm; second, a later deadline is set for Defendant to file its rebuttal expert and serve its Rule 26(a)(2) rebuttal disclosures and reports; and third, adjusting any other remining unexpired deadlines. The court is persuaded that this approach is proper under the circumstances of this case.

Accordingly, the court GRANTS Plaintiffs' Motion for an amended schedule. However, that amended schedule is to include dates to designate a rebuttal expert and serve rebuttal disclosures and reports as sought by Defendant.[13] And any other remining unexpired deadlines are to be likewise adjusted. Thus, the court also GRANTS Defendant's Motion to confirm the deadline for rebuttal expert designation and disclosures. Defendant's Motion to file a response is also GRANTED because as noted by Plaintiff, Defendant's Motion pertains to amending the schedule and although related to discovery, does not fall within the court's short form discovery rule.

Based on the court's decision, the parties are ORDERED to meet and confer and submit to the court a new proposed amended schedule within seven days that accounts for the court's decision concerning experts, rebuttal experts and their reports.

IT IS SO ORDERED.

DATED this 22 October 2026.

[13] As needed and as foreseen by the scheduling order, Plaintiffs may also designate a rebuttal expert and serve rebuttal disclosures and reports.

Dustin B. Pead
United States Magistrate Judge